**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **DOCTORS NURSING AND** | * | |
| **REHABILITATION CENTER, LLC,** | | |
| **As Authorized Representative of** | * | |
| **YVONNE HERRELD,** | | |
| | * | |
| **EVERGREEN NURSING & REHABILITATION** | | |
| **CENTER, LLC, As Authorized Representative of** | * | |
| **WILLIAM FAIRCHILD, VIOLA GASKILL, and** | | |
| **ROBERT TKACHUK,** | * | |
| | | |
| **PLAINTIFFS,** | * | **Judge:** |
| | | |
| **v.** | * | |
| | | |
| **FELICIA F. NORWOOD, in her official** | * | |
| **Capacity as the Director of the Illinois** | | **Case No**. |
| **Department of Healthcare and Family Services,** | * | |
| | | |
| **DEFENDANT.** | * | |
| | * | |
| | * | |
| | * | |

## COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

## I. PRELIMINARY STATEMENT

Under the Medicaid Act, the Illinois Department of Medicaid ("Defendant") is required to

ensure Medicaid benefits are paid timely. The Defendant's failure to grant Medicaid benefits to

residents of skilled nursing facilities constitutes violations of the Federal Medicaid Act and

implementing regulations at 42 USC § 1396u-2, and 42 USC § 1396(a), Section 1902(a)(37)(a). The Defendant has failed/refused to timely pay the Plaintiffs' Medicaid claims within one year as required by 42 CFR § 447.45. The Plaintiffs seek an Order from the Court providing injunctive relief by ordering the Defendant pay all claims submitted by the Plaintiffs within one year of the services rendered.

## II.    JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, and 42 USC § 1396(a), Section 1902(a) (37) (a).  Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202.  Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States and by the Equal Protection Clause, 42 U.S.C. §1983. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

## III.    PARTIES

1.    Doctors Nursing and Rehabilitation Center, LLC ("DNRC") is a limited liability corporation in Salem, Illinois and operates twenty-four-hour skilled nursing home facilities in the State of Illinois. Evergreen Nursing & Rehabilitation, LLC ("Evergreen") is a limited liability corporation in Effingham, Illinois and operates twenty-four hour skilled nursing home facilities in the State of Illinois.

2.    Yvonne Herreld was admitted to a DNRC nursing facility on December 8, 2014 ("Herreld" or "Plaintiff").  Herreld suffers from chronic and severe medical conditions. She requires

twenty-four hour skilled nursing care at DNRC. Plaintiff's current outstanding balance at DNRC is Ninety-two Thousand Five Hundred Sixteen and 67/100 ($92,516.67) Dollars.

3.      William Fairchild was admitted to an Evergreen nursing facility on December 6, 2013 ("Fairchild" or "Plaintiff").  Fairchild suffers from severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Fairchild's outstanding balance at Evergreen is Seventeen Thousand Four-Hundred Thirty-three and no/100 ($17,433.00) Dollars.

4.      Viola Gaskill was admitted to an Evergreen nursing facility on September 28, 2013 ("Gaskill" or "Plaintiff").  Gaskill suffers from severe and chronic medical conditions requiring twenty-four hour skilled nursing care at Evergreen.  Gaskill's current outstanding balance at Evergreen is Ninety-six Thousand Six Hundred Seventy-three and no/100 ($96,673.00) Dollars.

5.      Robert Tkachuk was admitted to an Evergreen facility on August 22, 2014 ("Tkachuk" or "Plaintiff").  Tkachuk suffers from chronic and severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Tkachuk's current outstanding balance at Evergreen is One Hundred Four Thousand Two Hundred Fifty-seven and no/100 ($104,257.00) Dollars.

6.      The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois.  HFS is the sole state agency administering Medicaid in the State of Illinois.

7.      Felicia Norwood, is the Director of the Illinois Department of Healthcare and Family Services ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein.  She is sued in her official capacity only.

8.      The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

9.     As a condition of receiving federal funds, the Defendant is required to administer the Medicaid program in the State of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a (a) (8), and implementing regulations.

10.     The Defendant has failed/refused to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 CFR 447.45(d) which states as follows:

   *Timely processing of claims.*

> **(1)** The Medicaid agency must require providers to submit all claims no later than 12 months from the date of service.
>
> ….
>
> **(4)** The agency must pay all other claims within 12 months of the date of receipt.
>
> [exceptions are excluded as are not applicable.]

42 CFR 447.45(d).

11.     Due to the Defendant's failure to pay Plaintiffs' timely filed claims, the Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to the Plaintiffs' residents, who meet the financial eligibility standards, as required under 42 U.S.C. §1396a(a)(10).

12.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law as preempted by the Supremacy Clause of the United States Constitution, Article VI.

13.     The burden placed on the Defendant, should the Court grant the relief requested in this action, is that the Defendant will be required to comply with federal Medicaid laws and properly pay the Plaintiffs in accordance with the regulations and federal law.  The Defendant

stands to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the Plaintiffs.

## IV. CAUSES OF ACTION
## COUNT ONE  - DECLARATORY JUDGMENT RELIEF

14.      Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

15.      Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

16.      It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra* note 2, at 116, *citing*. *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

17.      The failures by the Defendant to timely pay Medicaid benefits submitted by the Plaintiffs violates the Federal Medicaid Act and implementing regulations at 42 CFR 447.45(d).

18.      As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.      Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.      Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT TWO – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

19.      The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

20.      Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

21.      The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of Defendant acting in her official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

22.      The Defendant acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

6

23.     The Defendant's failure to timely pay claims submitted by the Plaintiffs constitutes violations of the Federal Medicaid Act and implementing regulations at 42 CFR 447.45(d).

24.     As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

PLAINTIFFS HEREBY DEMAND A TRIAL BY A STRUCK JURY.

Respectfully submitted this the 19 day of October, 2016.

/s/ Katie Z. Van Lake
ARDC# 6292120
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*

7

/s/ Kimberly R. Dodson (ASB-0487-L58D)
sb2, LLC
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (214) 789-4787
Facsimile: (717) 909-5925
kdodson@s-b-b.com
*Licensed in AL – pro hac vice pending*