IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DOCTORS NURSING AND** | * | |
| **REHABILITATION CENTER, LLC,** | | |
| **As Authorized Representative of** | * | |
| **YVONNE HERRELD,** | | |
| | * | |
| **EVERGREEN NURSING & REHABILITATION** | | |
| **CENTER, LLC, As Authorized Representative of** | * | |
| **WILLIAM FAIRCHILD, VIOLA GASKILL, and** | | |
| **ROBERT TKACHUK,** | * | |
| | | |
| **PLAINTIFFS,** | * | **Honorable Judge Bucklo** |
| | | |
| **v.** | * | |
| | | |
| **FELICIA F. NORWOOD, in her official** | * | |
| **Capacity as the Director of the Illinois** | | **Case No.**: |
| **Department of Healthcare and Family Services,** | * | 16-cv-09837 |
| | | |
| **DEFENDANT.** | * | |
| | * | |
| | * | |
| | * | |

# FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

## I.     PRELIMINARY STATEMENT

Under the Medicaid Act, the Illinois Department of Healthcare and Family Services ("Defendant") is required to ensure Medicaid benefits are paid timely. The Defendant's failure to grant Medicaid benefits to residents of skilled nursing facilities constitutes violations of the Federal

Medicaid Act and implementing regulations at 42 USC § 1396u-2, and 42 USC § 1396(a), Section 1902(a)(37)(a). The Defendant has failed/refused to timely pay the Plaintiffs' Medicaid claims within one year as required by 42 CFR § 447.45. The Plaintiffs seek an Order from the Court providing injunctive relief by ordering the Defendant pay all claims submitted by the Plaintiffs within one year of the services rendered.

## II.      JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, and 42 USC § 1396(a), Section 1902(a)(37)(a). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202. Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States and by the Equal Protection Clause, 42 U.S.C. §1983. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

## III.     PARTIES

1.      Doctors Nursing and Rehabilitation Center, LLC ("DNRC" and/or "Defendant") is a limited liability corporation in Salem, Illinois and operates a twenty-four hour skilled nursing home facility in the State of Illinois.

2.      Evergreen Nursing & Rehabilitation, LLC ("Evergreen" and/or "Defendant") is a limited liability corporation in Effingham, Illinois and operates a twenty-four hour skilled nursing home facility in the State of Illinois.

3.      Yvonne Herreld was admitted to a DNRC nursing facility on December 8, 2014 ("Herreld" or "Plaintiff"). Herreld suffers from chronic and severe medical conditions. She requires

twenty-four hour skilled nursing care at DNRC. Plaintiff's outstanding balance at DNRC is approximately Ninety-two Thousand Five Hundred Sixteen and 67/100 ($92,516.67) Dollars.

4.      William Fairchild was admitted to an Evergreen nursing facility on December 6, 2013 ("Fairchild" or "Plaintiff").  Fairchild suffers from severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Fairchild's outstanding balance at Evergreen is approximately Seventeen Thousand Four-Hundred Thirty-three and no/100 ($17,433.00) Dollars.

5.      Viola Gaskill was admitted to an Evergreen nursing facility on September 28, 2013 ("Gaskill" or "Plaintiff").  Gaskill suffers from severe and chronic medical conditions requiring twenty-four hour skilled nursing care at Evergreen.  Gaskill's outstanding balance at Evergreen is approximately Ninety-six Thousand Six Hundred Seventy-three and no/100 ($96,673.00) Dollars.

6.      Robert Tkachuk was admitted to an Evergreen facility on August 22, 2014 ("Tkachuk" or "Plaintiff").  Tkachuk suffers from chronic and severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Tkachuk's outstanding balance at Evergreen is approximately One Hundred Four Thousand Two Hundred Fifty-seven and no/100 ($104,257.00) Dollars.

7.      The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois.  HFS is the sole state agency administering Medicaid in the State of Illinois.

8.      Felicia Norwood, is the Director of the Illinois Department of Healthcare and Family Services ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein.  She is sued in her official capacity only.

3

## IV. STATEMENT OF FACTS

9.       The Illinois State Medicaid Plan operates under the statutory authority of Title XIX

of the Social Security Act Medical Assistance Program.

10.       As a condition of receiving federal funds, the Defendant is required to administer

the Medicaid program in the State of Illinois in compliance with the Federal Medicaid Act, 42

U.S.C. §1396a(a)(8), and implementing regulations.

11.       All of the Plaintiffs are "qualified individuals with a disability," as defined under

the ADA, 42 U.S.C. § 12132 *et. seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*,

and 28 C.F.R. § 35.130 *et. seq.*

12.       The Defendant has failed/refused to pay within one year Medicaid claims made by

the Plaintiffs, pursuant to 42 C.F.R. 447.45(d) which states as follows:

*Timely processing of claims.*

**(1)** The Medicaid agency must require providers to submit all claims no later than

12 months from the date of service.

….

**(4)** The agency must pay all other claims within 12 months of the date of receipt.

[exceptions are excluded as are not applicable.]

42  C.F.R. 447.45(d).

13.       Due to the Defendant's failure to pay Plaintiffs' timely filed claims, the Defendant

has failed to provide a system which ensures that medical assistance will be available, including

at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to the

Plaintiffs' residents, who meet the financial eligibility standards, as required under 42 U.S.C.

§1396a(a)(10).

14.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law as preempted by the Supremacy Clause of the United States Constitution, Article VI.

15.     In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at DNRC and Evergreen facilities during their period of Medicaid ineligibility in the amounts stated above.

16.     The burden placed on the Defendant, should the Court grant the relief requested in this action, is that the Defendant will be required to comply with federal Medicaid laws and properly pay the Plaintiffs in accordance with the regulations and federal law.  The Defendant stands to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the Plaintiffs.

### V. CAUSES OF ACTION
### COUNT ONE  - DECLARATORY JUDGMENT RELIEF

17.      Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

18.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

19.     It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra* note 2, at 116, *citing* . *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service*

*Commission of Utah v. Wycoff Company*, 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

20.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

21.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a(a)(8), and implementing regulations.

22.     Federal law requires the Defendant to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 C.F.R.  447.45(d).

23.     The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

24.     In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at DNRC and Evergreen facilities during their period of Medicaid ineligibility in the amounts stated above.

25.     Such inaction places the Plaintiffs at risk of being discharged from DNRC and Evergreen facilities, and jeopardizes their health, safety, and well-being.

26.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant

the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

27.     As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.      Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.      Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT TWO - VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE

28.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

29.     In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendant, while acting under the color of law, has failed to provide the Plaintiffs with nursing facility services necessary for the health and welfare of these disabled Plaintiffs.

7

30.     The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court assume jurisdiction of this action and award Plaintiffs the following relief:

a.    Grant Plaintiffs a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from violating 42 U.S.C. § 1983 in the manner alleged.

b.    Grant Plaintiffs an Order requiring Defendant to make them whole by granting appropriate declaratory relief, compensatory and punitive damages, interest, attorneys' fees, expenses and costs.

c.    Plaintiffs pray for such other further, different or additional relief and benefits as justice may require.

## COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

31.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

32.     The named Plaintiffs are all Medicaid-eligible individuals who require nursing facility services and reside in Illinois.

33.     The Defendant is engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services are medically necessary for all named Plaintiffs.

34.     In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendant, while acting under the color of law, failed to provide services to the Plaintiffs with "…reasonable promptness…". Furthermore, the Defendant is required to administer the

Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay).

35.     The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court assume jurisdiction of this action and award Plaintiffs the following relief:

a.     Grant Plaintiffs a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from violating 42 U.S.C. § 1983 in the manner alleged.

b.  Grant Plaintiffs an Order requiring Defendant to make them whole by granting appropriate declaratory relief, compensatory and punitive damages, interest, attorneys' fees, expenses and costs.

c.  Plaintiffs pray for such other further, different or additional relief and benefits as justice may require.

## COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

36.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

37.     The Defendant Norwood has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

38.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq*. and 28 C.F.R. § 35.130 *et. seq*.

39.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq*. and 28 C.F.R. § 35.130 *et seq*.

40.     As a consequence of Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

41.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

42.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability. Public and federally-funded entities must provide programs and activities "in the most integrated setting appropriate to the needs of the qualified individual with a disability." See 28 C.F.R § 41.51(d).  Policies, practices, and procedures that have the effects of unjustifiably segregating

persons with disabilities in institutions constitute prohibited discrimination under the Rehabilitation Act.

43.     The Illinois Department of Healthcare and Family Services is a recipient of federal funds under the Rehabilitation Act. The Plaintiffs are qualified individuals with a disability under Section 504 of the Rehabilitation Act.

44.     The actions by HFS constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition.   28 C.R.R. § 41.51(d).

45.     Plaintiffs are individuals who require 24-hour skilled nursing services for their health, welfare, and survival.  The Defendant's failure to grant payment of needed benefits to Plaintiffs violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

46.     As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.    Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT SIX – VIOLATION OF DUE PROCESS
## AND EQUAL PROTECTION (42 U.S.C. §1983)

47.　　The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

48.　　Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

49.　　The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

50.　　The Defendant acted wilfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

51.　　As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.　　Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.　　Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.　　To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful

conduct.

## COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION

52.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

53.     The above acts were committed under color of state law by the Defendant. Said acts were committed by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

54.     The Plaintiffs demand temporary and permanent injunctive relief requiring that the Defendant issue payment of their approved Medicaid benefits.

55.     Issue an Order requiring the Defendant to automatically issue payment of Plaintiffs' Medicaid benefits.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.      Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.      Issue an Order from the Court providing injunctive relief by ordering the Defendant pay all timely filed claims submitted within one year as required by the federal regulations; and

c.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

/s/ Katie Z. Van Lake
ARDC# 6292120
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289

Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*


/s/ Kimberly R. Dodson (ASB-0487-L58D)
sb2, LLC
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (214) 789-4787
Facsimile: (717) 909-5925
kdodson@s-b-b.com
*Licensed in AL – pro hac vice pending*