IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DOCTORS NURSING AND REHABILITATION CENTER, LLC,** As Authorized Representative of YVONNE HERRELD, CLINT DAUGHERTY, REBA METCALF, and ROBERT PETREA, | * * * | |
| and, | * | |
| **EVERGREEN NURSING & REHABILITATION CENTER, LLC,** As Authorized Representative of WILLIAM FAIRCHILD, VIOLA GASKILL, and ROBERT TKACHUK, | * * * | |
| and, | * | |
| **DOUGLAS NURSING AND REHABILITATION CENTER, LLC,** As Authorized Representative of, ALTHEA HAIFLEY | * * * | |
| PLAINTIFFS, | * | Honorable Judge Bucklo |
| v. | * | |
| **FELICIA F. NORWOOD, in her official Capacity as the Director of the Illinois Department of Healthcare and Family Services,** | * * | Case No.: 16-cv-09837 |
| DEFENDANT. | * | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

### I. PRELIMINARY STATEMENT

As a condition of receiving federal funds, the State of Illinois is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c). This case concerns the failure of Defendant, Felicia F. Norwood, ("Defendant") the Director of the Illinois Department of Healthcare and Family Services ("HFS") to comply with her obligations to afford Medicaid benefits to residents in long-term care facilities in compliance with the federal rules and regulations of the United States. The Defendant is directly responsible for policies necessary for the implementation of a system for determination of payment for Medicaid that complies, in all aspects, with federal law. The failures by the Defendant to grant Medicaid benefits to residents of skilled nursing facilities constitute violations of the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a).

## II.　　JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202. This is a suit authorized and instituted pursuant to the Federal Medicaid Act and implementing regulations. Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983 and other state tort claims. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

### III.    PARTIES

1.    Doctors Nursing and Rehabilitation Center, LLC ("DNRC" and/or "Defendant") is a limited liability corporation in Salem, Illinois and operates a twenty-four hour skilled nursing home facility in the State of Illinois.

2.    Evergreen Nursing & Rehabilitation, LLC ("Evergreen" and/or "Defendant") is a limited liability corporation in Effingham, Illinois and operates a twenty-four hour skilled nursing home facility in the State of Illinois.

3.    Douglas Nursing & Rehabilitation, LLC ("Douglas" and/or "Defendant") is a limited liability corporation in Matoon, Illinois and operates a twenty-four hour skilled nursing home facility in the State of Illinois.

4.    Yvonne Herreld was admitted to a DNRC nursing facility on December 8, 2014 ("Herreld" or "Plaintiff").  Herreld suffers from chronic and severe medical conditions. She requires twenty-four hour skilled nursing care at DNRC. Plaintiff's outstanding balance at DNRC is approximately Ninety-two Thousand Five Hundred Sixteen and 67/100 ($92,516.67) Dollars.

5.    Clint Daugherty was admitted to a DNRC nursing facility on March 11, 2016 ("Daugherty" or "Plaintiff").  Daugherty submitted his application to receive Medicaid benefits on June 28, 2016.  Daugherty suffers from chronic and severe medical conditions. He required twenty-four hour skilled nursing care at DNRC. Plaintiff's outstanding balance at DNRC is approximately Thirty-One Thousand Three Dollars and 68/100 ($31,003.68) Dollars.

6.    Reba Metcalf was admitted to a DNRC nursing facility on October 7, 2015 ("Metcalf" or "Plaintiff").  Metcalf submitted her application to receive Medicaid benefits on August 25, 2016. Metcalf suffers from chronic and severe medical conditions. She required twenty-four hour skilled

nursing care at DNRC. Plaintiff's outstanding balance at DNRC is approximately Twenty-Nine Thousand Nine Hundred Eighty-One Dollars and 45/100 ($29,981.45) Dollars.

7. Robert Petrea was admitted to a DNRC nursing facility on January 5, 2016 ("Petrea" or "Plaintiff"). Petrea submitted his application to receive Medicaid benefits on May 27, 2016. Petrea suffers from chronic and severe medical conditions. He required twenty-four hour skilled nursing care at DNRC. Plaintiff's outstanding balance at DNRC is approximately Nine Thousand Seven Hundred Eighty-Five Dollars and 78/100 ($9,785.78) Dollars.

8. William Fairchild was admitted to an Evergreen nursing facility on December 6, 2013 ("Fairchild" or "Plaintiff"). Fairchild suffers from severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Fairchild's outstanding balance at Evergreen is approximately Seventeen Thousand Four-Hundred Thirty-three and no/100 ($17,433.00) Dollars.

9. Viola Gaskill was admitted to an Evergreen nursing facility on September 28, 2013 ("Gaskill" or "Plaintiff"). Gaskill suffers from severe and chronic medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Gaskill's outstanding balance at Evergreen is approximately Ninety-six Thousand Six Hundred Seventy-three and no/100 ($96,673.00) Dollars.

10. Robert Tkachuk was admitted to an Evergreen facility on August 22, 2014 ("Tkachuk" or "Plaintiff"). Tkachuk suffers from chronic and severe medical conditions requiring twenty-four hour skilled nursing care at Evergreen. Tkachuk's outstanding balance at Evergreen is approximately One Hundred Four Thousand Two Hundred Fifty-seven and no/100 ($104,257.00) Dollars.

11. Althea Haifley was admitted to a Douglas nursing facility on February 5, 2016 ("Haifley" or "Plaintiff"). Haifley submitted her application to receive Medicaid benefits on April 11, 2016. Haifley suffers from chronic and severe medical conditions. She required twenty-four hour

skilled nursing care at Douglas. Plaintiff's outstanding balance at Douglas is approximately Thirty-Four Thousand Eight Hundred Forty-Two Dollars and 66/100 ($34,842.66) Dollars.

12. The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois. HFS is the sole state agency administering Medicaid in the State of Illinois.

13. Felicia Norwood, is the Director of the Illinois Department of Healthcare and Family Services ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

## IV. STATEMENT OF FACTS

14. The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

15. As a condition of receiving federal funds, the Defendant is required to administer the Medicaid program in the State of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a(a)(8), and implementing regulations.

16. All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*, and 28 C.F.R. § 35.130 *et. seq.*

17. Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days. *See* 42 C.F.R . §435.912.

18. Pursuant to 42 CFR §431.220, applicant has a right to file an appeal ("Inaction Appeal") when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

5

19. In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles,* 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. § 1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program. Additionally, in *Brown v. Luna*, 735 F.Supp. 762 (M.D. Tenn., 1990) the Court held that "[a]ll applications pending more than 90 days without an eligibility decision [were to] be awarded interim Medicaid benefits unless [the Agency had] documented that the application has been delayed for good cause."

20. In 2008, Congress passed legislation requiring all states to implement electronic asset verification programs ("AVP") to obtain information regarding the financial resources of Medicaid applicants, including those seeking Medicaid coverage for long-term care. 42 U.S.C. §1396w. This requirement has been codified in the federal Medicaid regulations. 42 CFR §435.945(j).

21. Federal law imposes on Medicaid agencies an affirmative duty to obtain information regarding a Medicaid applicant's eligibility. This duty exists independent of the actions of the Medicaid applicant and is consequently not dependent on the extent of an applicant's efforts to obtain eligibility information, or on an applicant's request for assistance. 42 CFR § 435.952. Furthermore, Medicaid agencies are not permitted to ask applicants to produce information unless that information is unavailable electronically. 42 C.F.R. § 435.952(c).

22. The Defendant did not seek to obtain any of the Plaintiffs' information electronically via AVP. Nor did the Defendant try to obtain Plaintiffs' information from

secondary sources. Instead, the Defendant placed the burden of providing information entirely on the Plaintiffs. These actions violate federal law, which requires agencies to obtain and use items of information relating to Medicaid applicants and beneficiaries to "prevent ineligibility and incorrect payments." 42 CFR 435.953(a). No steps are taken by the Defendant to prevent the ineligibility of the Plaintiffs.

23. In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Petersen facilities during their period of Medicaid ineligibility in the amounts stated above.

24. Such inaction by the Defendant places the Plaintiffs at risk of being discharged from Petersen facilities, and jeopardizes their health safety, and well-being.

25. Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

26. As a direct result of the Defendant's failure to timely process their Medicaid applications, Plaintiffs Clint Daugherty, Reba Metcalf, Robert Petrea, and Althea Haifley have failed to receive public assistance to which they are entitled pursuant to federal law.

27. The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

28. The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the Residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the

ADA, 42 U.S.C. § 12132 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*, and 28 C.F.R. § 35.130 e*t seq.*

29. By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

30. The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

31. As a condition of receiving federal funds, the Defendant is required to administer the Medicaid program in the State of Ohio in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a(a)(8), and implementing regulations.

32. The Defendant has failed/refused to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 C.F.R. 447.45(d) which states as follows:

> *Timely processing of claims.*
>
> **(1)** The Medicaid agency must require providers to submit all claims no later than 12 months from the date of service
>
> ......
>
> **(4)** The agency must pay all other claims within 12 months of the date of receipt…[exceptions are excluded as are not applicable.]
>
> 42 .F.R. 447.45(d).

33. Due to the Defendant's failure to pay Plaintiffs Yvonne Herreld, William

8

Fairchild, Viola Gaskill, and Robert Tkachuk timely filed claims, the Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to the Plaintiffs' residents, who meet the financial eligibility standards, as required under 42 U.S.C. §1396a(a)(10).

34. By failing to pay for services rendered to Medicaid approved patients, Defendant has failed to comply with federal law as preempted by the Supremacy Clause of the United States Constitution, Article VI.

35. The burden placed on Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and properly pay the Plaintiffs in accordance with the regulations and federal law. The Defendant stands to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the Plaintiffs.

## V. CAUSES OF ACTION
## COUNT ONE - DECLARATORY JUDGMENT RELIEF

36. Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

37. Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

38. It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith &*

*Usaha, supra* note 2, at 116, *citing* . *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

39. The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

40. Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days. *See* 42 C.F.R . §435.912. Pursuant to 42 C.F.R. §431.220, applicant has a right to file an Inaction Appeal when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

41. Federal law requires the Defendant to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 C.F.R. 447.45(d).

42. In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles*, 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. §1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.

43. In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Petersen facilities during their period of Medicaid ineligibility in the amounts stated above.

44. Such inaction places the Plaintiffs at risk of being discharged from Petersen facilities, and jeopardizes their health, safety, and well-being.

45. Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

46. As a direct result of the Defendant's failure to timely process their Medicaid applications, the Plaintiffs Clint Daugherty, Reba Metcalf, Robert Petrea, and Althea Haifley have failed to receive public assistance to which they are entitled pursuant to federal law.

47. The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

48. The failures by Defendant to timely pay Medicaid benefits submitted by Plaintiffs Yvonne Herreld, William Fairchild, Viola Gaskill, and Robert Tkachuk violates the Federal Medicaid Act and implementing regulations at 42 CFR 447.45(d).

49. As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

50. By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant

the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

### COUNT TWO - VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE

51.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

52.     In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendant, while acting under the color of law, has failed to provide the Plaintiffs with nursing facility services necessary for the health and welfare of these disabled Plaintiffs.

53.     The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

### COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

54.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

55.     The named Plaintiffs are all Medicaid-eligible individuals who require nursing facility services and reside in Illinois.

56.     The Defendant is engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services are medically necessary for all named Plaintiffs.

57.     In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendant, while acting under the color of law, failed to provide services to the Plaintiffs with "…reasonable promptness…". Furthermore, the Defendant is required to administer the

Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay).

58. The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

### COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

59. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

60. The Defendant Norwood has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

61. All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

62. The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 *et seq.*

63. As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

### COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

64. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

65. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability.

Public and federally-funded entities must provide programs and activities "in the most integrated setting appropriate to the needs of the qualified individual with a disability." See 28 C.F.R § 41.51(d). Policies, practices, and procedures that have the effects of unjustifiably segregating persons with disabilities in institutions constitute prohibited discrimination under the Rehabilitation Act.

66. The Illinois Department of Healthcare and Family Services is a recipient of federal funds under the Rehabilitation Act. The Plaintiffs are qualified individuals with a disability under Section 504 of the Rehabilitation Act.

67. The actions by HFS constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.R.R. § 41.51(d).

68. Plaintiffs are individuals who require 24-hour skilled nursing services for their health, welfare, and survival. The Defendant's failure to grant payment of needed benefits to Plaintiffs violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

69. As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

### COUNT SIX – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

70. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

71. Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

72. The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

73. The Defendant acted wilfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

74. As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

**COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION**

75. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

76. The above acts were committed under color of state law by the Defendant. Said acts were committed by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

77. The Plaintiffs demand temporary and permanent injunctive relief requiring that the Defendant issue payment of their approved Medicaid benefits.

78. Issue an Order requiring the Defendant to automatically issue payment of Plaintiffs' Medicaid benefits.

**VI. REQUESTS FOR RELIEF**

1. Issue a Declaratory Judgment in favor of the Plaintiffs, requiring Defendant to adhere to the requirements of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

2. Declare unlawful the Defendant's failure to arrange for medical assistance and nursing facility services to the Plaintiffs;

3. Issue Preliminary and Permanent Injunctive relief enjoining the Defendant from subjecting the Plaintiffs to practices that violate their rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

4. Issue Preliminary and Permanent Injunctive relief requiring the Defendant to arrange for medical assistance and nursing facility services to the Plaintiffs;

5. Award Plaintiffs the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205; § 504 of the Rehabilitation Act, and 42 U.S.C. § 1988; and,

6. Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses and costs.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**


/s/ Katie Z. Van Lake
ARDC# 6292120
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*


**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of same by CM/ECF on all parties of record on this 11th day of January, 2017:

/s/ Katie Z. Van Lake