IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Doctors Nursing and Rehabilitation Center, LLC, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:16-cv-9837<br>No. 1:16-cv-9842 |
| Felicia F. Norwood, in her official capacity as the Director of the Illinois Department of Healthcare and Family Services, | ) ) ) ) ) ) | No. 1:16-cv-9922<br>No. 1:16-cv-10255<br>No. 1:16-cv-10614<br>No. 1:17-cv-0104<br>No. 1:17-cv-0640 |
| Defendant, | ) ) | |
| and related cases. | ) | |

<u>Memorandum Opinion and Order</u>

In these related cases, several healthcare providers and their patients in the State of Illinois seek declaratory and injunctive relief against the Director of the Illinois Department of Healthcare and Family Services ("HFS"), Felicia Norwood, in her official capacity. Plaintiffs allege that the defendant has failed to process Medicaid applications and provide Medicaid benefits with reasonable promptness to residents of long-term care facilities in violation of Title XIX of the Social Security Act (the "Medicaid Act") and its implementing regulations, the Americans with Disabilities Act

1

("ADA"), the Rehabilitation Act, and the Fourteenth Amendment. Before me is defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [Case. No. 1:16-cv-9837, ECF No. 36]. For the reasons set forth below, I deny defendant's motion.

I.

Plaintiffs in these seven related cases are Illinois healthcare providers and certain elderly and disabled patients they serve. The healthcare provider plaintiffs are Illinois healthcare companies owning and/or operating nursing home facilities throughout the state of Illinois. These facilities provide twenty-four hour, long-term nursing care to elderly patients and patients with disabilities, some of whom are Medicaid applicants or beneficiaries.

The patient plaintiffs are residents at the healthcare provider plaintiffs' long-term nursing care facilities. The patient plaintiffs fall into two groups: (1) those who are awaiting Medicaid eligibility determinations and (2) those who, despite receiving approval, are still awaiting Medicaid benefits.

The healthcare provider plaintiffs purport to serve as the patient plaintiffs' "authorized representatives" for the purposes of pursuing Medicaid benefits pursuant to 42 C.F.R. §

435.923. The patient plaintiffs also bring suit on their own behalves.

Defendant is Felicia Norwood, the Director of the Illinois Department of Healthcare and Family Services, who is sued in her official capacity. HFS is a state agency charged with operating Illinois's Medicaid program. Two of the complaints also separately list HFS as a defendant.[1]

Plaintiffs allege that defendant Norwood has failed to provide medical care services to eligible Illinois residents as required by the Medicaid Act. Specifically, plaintiffs charge that defendant has failed to process plaintiffs' Medicaid applications, render eligibility determinations, and provide benefits with reasonable promptness. They allege that HFS has exceeded the forty-five days or ninety days that the Medicaid regulations permit to determine applicant eligibility. Plaintiffs further allege that defendant has failed to provide benefits to the patient plaintiffs who have had their Medicaid applications approved. HFS's inaction on these matters, plaintiffs allege, violates 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), and 1396a(a)(8). Additionally, plaintiffs assert that these inactions constitute violations of the ADA, Section 504 of the Rehabilitation Act, and the Equal Protection Clause

---

[1] *See* Case No. 1:16-cv-9842 [ECF No. 12]; Case No. 1:16-cv-10255 [ECF No. 3].

3

of the Fourteenth Amendment. Plaintiffs seek injunctive and declaratory relief to ensure the defendant's future compliance with the Medicaid statute.

II.

Defendant moves to dismiss the seven complaints against her because, she argues, this court lacks subject matter jurisdiction to hear the cases and plaintiffs fail to state claims upon which relief may be granted. When considering motions to dismiss for failure to state a claim or lack of subject matter jurisdiction, I "take as true all well-pleaded factual allegations in the complaint and make all plausible inferences from those allegations in the plaintiffs' favor." *Disability Rights Wisconsin, Inc. v. Walworth Cty. Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008)*; see Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012) (applying the same standard to Rule 12(b)(1) motions). To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Similarly, a complaint will survive a facial challenge to jurisdiction brought under a Rule 12(b)(1) motion to dismiss if it "has sufficiently alleged a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

A. Lack of Subject Matter Jurisdiction

Defendant contends that all seven complaints should be dismissed for lack of subject matter jurisdiction. In her motion to dismiss, defendant initially challenged this court's jurisdiction to hear these cases on Article III standing and Eleventh Amendment grounds. Defendant subsequently dropped her Article III challenge in her reply brief, and I will therefore not address it here. Def.'s Reply at 3 [ECF No. 45]. The defendant does continue to challenge the institutional plaintiffs' authority to sue on behalf of the patient plaintiffs, but, because the patients themselves are plaintiffs asserting a cognizable injury, this issue does not implicate my subject matter jurisdiction and is better understood as a challenge arising under Rule 12(b)(6), as discussed below. *See Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992).

Defendant's remaining jurisdictional argument concerns the Eleventh Amendment. Defendant contends that plaintiffs' claims—with the exception of those brought under the Rehabilitation Act—are barred by the Eleventh Amendment and the doctrine of state sovereign immunity because plaintiffs seek an order compelling payments for services already rendered. Plaintiffs counter that they seek only prospective injunctive and declaratory relief to ensure defendant's future compliance with federal law.

The Eleventh Amendment states that federal jurisdiction shall not extend to suits against a state by a citizen of another state or foreign country. U.S. Const. amend. XI. In addition to what it explicitly guarantees, the Eleventh Amendment also incorporates the doctrine of sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890). Thus, the Amendment "guarantees that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Bd. of Regents v. Phoenix Int'l Software, Inc.,* 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).

The Eleventh Amendment's bar on citizens suing their state, however, is not complete. There are several common exceptions that allow plaintiffs to pursue claims against a state or its agents. One such exception was first articulated in *Ex Parte Young*, 209 U.S. 123 (1908). There, the Supreme Court held that the Eleventh Amendment does not preclude claims against state officials for prospective, injunctive relief to stop ongoing violations of federal law. *Ex Parte Young*, 209 U.S. at 159-60. While a federal court cannot order a state to pay retrospective damages, it can require a state officer to prospectively comply with federal law, even when that compliance might require the state to expend funds. *See Milliken v. Bradley*, 433 U.S. 267, 289-90 (1977).

This is what plaintiffs seek here. Plaintiffs sue Director Norwood in her official capacity as defendant.[2] In these cases, plaintiffs seek declaratory and injunctive relief requiring defendant Norwood to process applications and provide benefits in accordance with the Medicaid Act and its implementing regulations. Importantly, plaintiffs are not requesting money damages for past violations, nor are they attempting to bring state claims against a state actor in federal court. Rather, plaintiffs seek to stop defendant's ongoing conduct—or, in this case, inaction—that they allege violates federal law. They ask me to declare defendant's conduct unlawful and issue an injunction "requiring [defendant] to arrange for medical assistance and nursing facility services" for plaintiffs. Pls.' 2d Am. Compl. at 16 [Case No. 1:16-cv-9837; ECF No. 21]. The Eleventh Amendment permits such relief.

In sum, the prospective equitable relief that plaintiffs seek against Director Norwood in her official capacity is

---

[2] In Case No. 1:16-cv-9837, Case No. 1:16-cv-10614, Case No. 1:16-cv-9922, Case No. 1:17-cv-0104, and Case No. 1:17-cv-0640, plaintiffs sue only Director Norwood. In the other two, Case No. 1:16-cv-9842 and Case No. 1:16-cv-10255, plaintiffs also name the Illinois Department of Healthcare and Family Services as a defendant. As defendant notes, HFS, as a state agency, is an arm of the state of Illinois, and therefore may not be sued by its citizens in federal court. *See Edelman*, 415 U.S. at 663; *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

permitted under *Ex Parte Young*. This court therefore has jurisdiction to hear these matters.

B. Failure to State a Claim

In her motion to dismiss, defendant asserts that the complaints fail to state claims for several reasons. First, defendant challenges the healthcare providers' authority to file suit, arguing that they are not the real parties in interest and do not have statutory authority to sue on the patient plaintiffs' behalves. Second, defendant argues that plaintiffs fail to sufficiently plead Count II in each complaint, concerning the provision of required medical assistance. Finally, defendant contends that Count III in each complaint, concerning the prompt delivery of Medicaid benefits, fails to state a claim because the applicable provision of the Medicaid statue does not create enforceable rights and, even if it did, plaintiffs do not provide sufficient allegations.

1. <u>Real Party in Interest/Authority to Bring Suit</u>

Defendant argues that dismissal is required because the healthcare provider plaintiffs are not the real parties in interest and cannot sue on their patients' behalves. Def.'s Reply at 3-5. This argument fails because it ignores the patients' participation in these suits. Defendant focuses on the status of the institutional plaintiffs, but she notably does not contend that the real parties in interest—the nursing home

patients—are absent from this litigation. On the contrary, the patients are plaintiffs in these lawsuits. Because the real parties in interest are prosecuting their own claims, no counts require dismissal. *See* Fed. R. Civ. P. 17(a).

In any event, I also find that the patient plaintiffs may authorize their representatives to pursue litigation to secure Medicaid benefits. I reach this conclusion by looking to the Medicaid statute and regulations. *See In re Davis,* 194 F.3d 570, 578 (5th Cir. 1999) ("[A]n entity is the real party in interest when it is statutorily authorized to bring suit to enforce a claim. . . . The statutory right to sue must stem from the substantive law controlling the action and may be granted by either state or federal law"); *New York v. Cedar Park Concrete Corp.,* 665 F. Supp. 238, 241 (S.D.N.Y. 1987) (citing 3A J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 17.14 (2d ed. 1986)) ("Under Rule 17(a), a party may sue on behalf of one it represents as long as the relevant underlying federal and state statutes authorize such a suit."). The Social Security Act, of which Medicaid is a part, directs the Secretary of Health and Human Services ("HHS") to publish rules and regulations "necessary to the efficient administration" of the federal programs that HHS is charged with overseeing. 42 U.S.C. § 1302. Pursuant to this authority, HHS published 42 C.F.R. § 435.923, which permits a Medicaid applicant or beneficiary to authorize a

representative to act on his or her behalf "in applying for and maintaining coverage." 78 Fed. Reg. 42174 (July 15, 2013). This representative can be an individual or an organization. 42 C.F.R. § 435.923(b).[3] The regulations permit authorized representatives to perform the following tasks for Medicaid applicants and beneficiaries:

> (1) Sign an application on the applicant's behalf;
> (2) Complete and submit a renewal form;
> (3) Receive copies of the applicant or beneficiary's notices and other communications from the agency;
> (4) Act on behalf of the applicant or beneficiary in all other matters with the agency.

42 C.F.R. § 435.923(b). The Federal Register entries regarding this provision state that the applicant or beneficiary ultimately defines the scope of any representation within the limits of the regulation.[4] 78 Fed. Reg. 42175 (July 15, 2013).

The regulatory text does not explicitly address whether a patient can authorize a Medicaid representative to file a

---

[3] See also 78 Fed. Reg. 42174 (July 15, 2013) ("We believe that there are situations in which an individual may need an organization to serve as his or her authorized representative and it is appropriate for an organization to serve in this capacity, such as for individuals residing in a nursing home who do not have family available to assist them.").

[4] The regulatory history also clarifies that states are not permitted to impose additional requirements on this representative relationship. 78 Fed. Reg. 42174 ("[S]tates may not limit authorized representatives to individuals identified in such a legal document or granted authorization under operation of state law or otherwise impose requirements other than those listed in § 435.923 on other individuals whom an applicant or beneficiary wishes to have serve as his or her authorized representative.").

lawsuit on his or her behalf. Defendant argues that the phrase "matters with the agency" in 42 C.F.R. § 435.923(b)(4) should be construed to exclude bringing a suit against the agency. Plaintiffs counter that permitting authorized representatives to bring claims against the agency is necessary to ensure that beneficiaries can secure the Medicaid benefits to which they are entitled. The regulations might not explicitly sanction lawsuits, plaintiffs argue, but they also do not limit a beneficiary's power to assign authority to his or her representative.

Defendant's restrictive interpretation of the authorized representative relationship does not comport with the language and purpose of the regulation. 42 C.F.R. § 435.923(b) provides three specific examples of duties that an authorized representative may perform in the course of representation, followed by one catch-all provision. The catch-all clause is written in broad terms. It states that a beneficiary can choose to authorize her representative to handle "all other matters with the agency." 42 C.F.R. § 435.923(b)(4). It is the beneficiary who sets the limits of representation, *see* 78 Fed. Reg. 42175, and the expansive language of this provision apparently permits beneficiaries to set these parameters quite broadly.

There is no indication that the words "with the agency" were included in the regulatory text to limit authorized activities to those internal to the applicable agency. Litigation arguably involves "matters with the agency" as well. A beneficiary's legal claim that an agency has deprived her of Medicaid benefits, for instance, is a matter in dispute with that agency. While the first three tasks listed in 42 C.F.R. § 435.923(b) are likely more common activities performed by authorized representatives, there is room in the regulation's text for the representative relationship, in unusual cases such as these, to require additional steps, like litigation, to secure a beneficiary's rights. So long as the beneficiary gives express authorization to his or her representative, as required by 42 C.F.R. § 435.923(a), the Medicaid regulations allow the authorized representative to initiate suit on the beneficiary's behalf. The healthcare provider plaintiffs may therefore remain in these suits.

### 2. Failure to provide medical assistance

In Count II of their complaints, plaintiffs allege that defendant, in her official capacity as the Director of HFS, has failed to comply with the Medicaid Act's requirement under 42 U.S.C. § 1396a(a)(10)(A) that certain medical assistance, including nursing facility services, be made available to Medicaid-eligible individuals. Defendant acknowledges that a

private right of action exists to enforce section 1396a(a)(10)(A). Def.'s Memo at 9 [Case No. 1:16-cv-9837; ECF No. 37]; Def.'s Reply at 8 n.3 [Case No. 1:16-cv-9837; ECF No. 45].[5] However, she contends that plaintiffs have not sufficiently pled violations of this section and, consequently, have failed to state claims upon which relief can be granted. Def.'s Reply at 8. Specifically, defendant argues that the complaints contain no allegations that Director Norwood has failed to authorize necessary nursing facility services, nor any allegations that the patient plaintiffs have been denied these services. *Id.*

Defendant misstates plaintiffs' allegations. The complaints do, in fact, contain allegations concerning defendant's failure to provide nursing facility services to the patient plaintiffs. For example, in the lead complaint, plaintiffs identify Clint Daugherty as a patient who has not received necessary medical assistance from HFS. Plaintiff Daugherty "suffers from chronic and severe medical conditions" and requires "twenty-four hour skilled nursing care" for which he is unable to pay. Pls.' 2d

---

[5] The Seventh Circuit has, indeed, held that the provision plaintiffs cite—42 U.S.C. § 1396a(a)(10)(A)—creates enforceable individual rights by requiring state Medicaid plans to "provide . . . for making medical assistance available . . . to all [eligible] individuals." *Bontrager v. Indiana Family & Soc. Servs. Admin.*, 697 F.3d 604, 606-07 (7th Cir. 2012); *Miller v. Whitburn*, 10 F.3d 1315, 1319-20 (7th Cir. 1993); *see also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 975-76 (holding that 42 U.S.C. § 1396a(a)(23) also creates an enforceable right).

Am. Compl. ¶¶ 5, 23 [Case No. 1:16-cv-9837; ECF No. 21]. Despite submitting a Medicaid application on June 28, 2016, Mr. Daugherty had not received public assistance by the time the second amended complaint was filed on January 11, 2017. *Id.* ¶¶ 5, 26. As a result, plaintiffs state that Daugherty had an outstanding balance of $31,003.68 for the nursing care he received at Doctors Nursing and Rehabilitation Center, LLC. *Id.* ¶ 5. Defendant Norwood's failure to timely process Medicaid applications like plaintiff Daugherty's, plaintiffs allege, has resulted in Medicaid eligible individuals not receiving necessary medical assistance from the state of Illinois plan, as required by 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4). *Id.* ¶¶ 23-34, 51-53. Plaintiffs therefore claim that defendant Norwood has deprived the patient plaintiffs of their right to nursing facility care under the color of state law. These factual allegations are sufficient to survive a motion to dismiss.

### 3. Failure to timely provide medical services

In Count III of each complaint, plaintiffs bring a section 1983 claim alleging that defendant has violated their rights under 42 U.S.C. § 1396a(a)(8) by failing to issue eligibility determinations and provide medical assistance with reasonable promptness. Defendant argues that plaintiffs have no private right of action under section 1983 to enforce these timeliness provisions. Defendant further asserts that, even if a private

right of action were available, plaintiffs have not sufficiently alleged violations of the timeliness provisions.

The Medicaid Act requires that benefits be provided promptly. States that participate in Medicaid must "provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8). The Medicaid regulations clarify the meaning of "reasonable promptness" by providing time limitations for certain agency actions. For instance, state Medicaid agencies have ninety days to determine the eligibility of applicants who apply for Medicaid on the basis of disability and forty-five days to determine the eligibility of all other applicants. 42 C.F.R. § 435.912(c)(2). They must "promptly and without undue delay consistent with [these] timeliness standards . . . furnish Medicaid to eligible individuals" who apply. 42 C.F.R. § 435.911(c)(1); *see also* 42 C.F.R. § 435.930. State agencies must also pay all Medicaid claims within 12 months of the date of receipt. 42 C.F.R. § 447.45(d). By requiring states to follow these and other timeliness standards, HHS ensures that Medicaid-eligible individuals receive benefits with reasonable promptness.

For plaintiffs to be able to privately enforce Medicaid's reasonable promptness requirement, as they seek to do here, 42 U.S.C. § 1396a(a)(8) must create an enforceable right appropriate for section 1983 prosecution. Section 1983 provides a "federal remedy against anyone who, under the color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). It thus creates a private right of action for aggrieved persons to enforce federally-protected individual rights arising under federal statutes and the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4-5 (1980); *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990). "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by [federal law] and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Section 1983 provides a means of enforcing federal *rights*, not vague or diffuse interests. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). To determine whether a federal statute creates individual rights appropriate for section 1983 enforcement,

courts assess whether: (1) Congress intended the statutory provision to benefit the plaintiff; (2) the asserted right is not "so vague and amorphous that its enforcement would strain judicial competence"; and (3) the statutory provision employs mandatory, not precatory, language. *Planned Parenthood*, 699 F.3d at 972-73 (quoting *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997)). In short, the statute must contain unambiguous "rights-creating language." *Id.* at 973.

Applying these factors to 42 U.S.C. § 1396a(a)(8), many circuits have concluded that an enforceable right exists. *See Romano v. Greenstein*, 721 F.3d 373, 379 (5th Cir. 2013); *Doe v. Kidd*, 419 F. App'x 411, 416 (4th Cir. 2011), *reaff'g* 501 F.3d 348, 356-57 (4th Cir. 2007); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180, 183 (3d Cir. 2004); *Bryson v. Shumway*, 308 F.3d 79, 89 (1st Cir. 2002); *Doe v. Chiles*, 136 F.3d 709, 719 (11th Cir. 1998). The Seventh Circuit has stated that it assumes that 42 U.S.C. § 1396a(a)(8) creates an enforceable right. *See Bertrand ex rel. Bertrand v. Maram,* 495 F.3d 452, 457–58 (7th Cir. 2007).

Following the well-reasoned decisions of the circuits that have squarely decided this issue, I find that the reasonable promptness provision contains the necessary rights-creating language for section 1983 enforcement. First, the language Congress used in 42 U.S.C. § 1396a(a)(8) is unambiguously

17

intended to benefit specific individuals, namely all persons who meet the Medicaid eligibility standards. Here, the patient plaintiffs allege that they meet the Medicaid Act's eligibility standards. They can therefore be considered the intended beneficiaries. Second, the reasonable promptness provision is "not so 'vague and amorphous' that its enforcement would strain judicial competence." *Blessing*, 520 U.S. at 340–41. As the Fifth Circuit has explained, the statute and the accompanying regulations "clarify the scope of the 'reasonable promptness' duty." *Romano*, 721 F.3d at 379. Courts are therefore not left to guess what 42 U.S.C. § 1396a(a)(8) protects. Finally, the mandatory language of the reasonable promptness provision—the use of "shall" and "must"—indicates that Congress intended to impose a "binding obligation on the States." *Id.* Nothing in the statutory text suggests that this commitment to reasonable promptness was just aspirational or conditional. An enforceable right under section 1983 therefore exists.[6]

To the extent that defendant challenges the sufficiency of plaintiffs' allegations in Count III, these arguments fail for the same reasons they failed with respect to Count II. Plaintiffs have properly alleged violations of 42 U.S.C. §

---

[6] There is also no indication that Congress intended to foreclose section 1983 enforcement of the Medicaid Act. *See Wilder*, 496 U.S. at 522-23; *Planned Parenthood*, 699 F.3d at 974-75; *Doe v. Kidd*, 501 F.3d 348, 356 (4th Cir. 2007).

1396a(a)(8) by defendant Norwood, depriving them of their federally protected rights to reasonable promptness. Plaintiffs have identified specific Medicaid-eligible patients who have not received timely eligibility determinations or timely medical assistance. *See, e.g.,* Pls.' 2d Am. Compl. ¶¶ 5-11 [Case No. 1:16-cv-9837, ECF No. 21]. They have identified the medical services they require. *Id.* They have provided the application dates for these individuals and have alleged that they have not timely received the public assistance to which they are entitled. *Id.* ¶¶ 5-11, 23-34, 54-58. Plaintiffs have provided enough factual allegations to state their section 1983 claims.

III.

For the foregoing reasons, defendant's motion to dismiss is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 7, 2017